ESTEBAN RIVERA ET AL., Plaintiffs and Appellants, *v.* RAMÓN MELÉNDEZ TABALES ET AL., Defendants and Appellees.

No. 10047.    Argued November 7, 1949.—Decided January 13, 1950.

*Francisco González, Jr.,* for appellants.   *Faustino R. Aponte* for appellees.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

Plaintiffs filed a civil action of replevin on October 21, 1948.   On November 4 of the same year defendants prayed for the dismissal of the complaint for insufficiency of facts to constitute a cause of action since the complaint revealed that the action had prescribed and that defendants had acquired title to the property described in it by extraordinary acquisitive prescription of 30 years.   On February 14, 1949, plaintiffs filed a motion in the lower court stating that they did not wish to continue the suit and requested the dismissal of the action with the proper pronouncements.   On April 13, the lower court, relying on Rule 41 (a) (2) of the Rules of Civil Procedure, rendered judgment granting the dismissal of the complaint, without prejudice, and ordering plaintiffs to pay the costs and $100 attorney's fees.   Plaintiffs appealed and they allege as the only error that the lower court imposed on them costs and attorney's fees by erroneously applying Rule 41 (a) (2) instead of 41 (a) (1).

Appellants are correct.   Their motion to dismiss, presented before defendants filed an answer, constitutes the notice of dismissal provided by Rule 41 (a) (1).   The order of dismissal—or judgment—was, therefore, superfluous, *De Jesús* v. *Freyre,* 68 P.R.R. 868, inasmuch as the voluntary dismissal contemplated by Rule 41 (a) (1) by the mere filing of a notice, operates by itself, permission of the court being unnecessary.   The fact that defendants filed a motion to dismiss did not bar plaintiffs from following such course.   3.

Moore's Federal Practice, 1938 ed., § 41.01, p. 3037, Id. Supp. (1948), §41.01, p. 52 and notes 11b and 12; Benders Federal Practice Manual, Rule 41, p. 250 *et seq.* and notes.[1] Consequently, the lower court erred in imposing, under the authority of Rule 41 (a) (2)— which authorizes the court to fix the terms and conditions for the dismissal not embraced within Rule 41 (a) (1)—costs and attorney's fees as a condition for the dismissal.

The order of dismissal will be modified so as to strike therefrom the imposition of costs and attorney's fees and, as modified, it will be affirmed.

---

[1] Rule 41 (a) (1) of the Federal Rules of Civil Procedure prior to its amendment by an order of the United States Supreme Court of December 27, 1946, was identical to our Rule 41 (a) (1) insofar as it authorized the notice of voluntary dismissal at any time before service of the answer. The amendment to the Federal Rule authorizes the notice of dismissal at any time before service of the answer or of *a motion for summary judgment.*